IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1071 T

(Judge Susan G. Braden)

---

DANIEL D. PIERCE AND HENDY J. LUND,

Plaintiffs

v.

UNITED STATES,

Defendant

---

DEFENDANT'S RESPONSE TO THE PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT

---

Pursuant to RCFC 56(h)(2), defendant, the United States, hereby objects to the following of plaintiffs' proposed findings of uncontroverted fact.

PLAINTIFFS' PROPOSED FINDING 7.

The purported I.R.C. § 83(b) election executed on March 8, 2000 erroneously stated that the exercised shares were transferred on March 2, 2000. The unvested shares were not transferred on March 2, 2000. Unvested shares were held by Redback. Only vested shares could be transferred to my account. Redback retained possession of the unvested shares so that Lund could not transfer, sell, pledge, or assign the unvested shares. The unvested shares were subject to the right of Redback to repurchase shares at cost.

DEFENDANT'S RESPONSE.

The defendant objects to the statement that the unvested shares of Redback stock were not transferred to Lund upon the exercise of her options. There is no dispute of fact regarding when the options were exercised or when the stock vested; the parties do dispute whether those facts constitute a "transfer" of stock for purposes of § 83. That is a disputed over a conclusion of law. The undisputed facts of record establish as a matter of law that the stock was transferred for purposes of § 83 when Lund exercised her options with respect to that stock. Redback issued unvested shares of stock to Lund that were held in escrow until the vesting date. (Lund Declaration Ex. A at 246, 250.) Lund received any dividends related to the unvested stock while it was being held in escrow. (Lund Declaration Ex. A at 250.) Lund became vested in all the stock issued pursuant to the exercise of her options on March 2, 2000. (Lund Declaration ¶ 2, 9.) Further, Redback had the right to repurchase the unvested shares if Lund's employment with Redback was terminated, but it was not obligated to do so. (Lund Declaration Ex. A at 248.)

PLAINTIFFS' PROPOSED FINDING 8.

The following table reflects the average of the high and low per share fair market value of the shares exercised on March 2, 2000 on the vesting date and the date the shares were transferred to Lund's brokerage account by Redback.

DEFENDANT'S RESPONSE.

The defendant objects to the title above the last two columns in the table attached to Proposed Finding 8. The next to last column is titled "Date Shares Transferred." The last column is titled "FMV per share at Transfer Date." As noted in defendant's response to proposed finding 7, the shares were transferred on March 2, 2000, when the options were

exercised. In any event, defendant objects to any implication that the unvested shares were not transferred until the dates those shares vested.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

December 28, 2006