IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL S. PIERCE and HENDY J. LUND,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No. 05-1071T<br><br>Judge Susan G. Braden<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT |

Pursuant to RCFC 56(h)(2), petitioners, Daniel S. Pierce and Hendy J. Lund, hereby object to the following of Defendant's Proposed Findings of Uncontroverted Fact.

DEFENDANT'S PROPOSED FINDING 1.

Redback adopted a stock option agreement in 1997 under which it could grant incentive stock options to its employees. (Lund Declaration Ex. A.) Pursuant to that agreement, on January 4, 1999, Redback granted Lund an incentive stock option to purchase 15,000 shares of Redback for $4.75 per share. (Lund Declaration Ex. B.) As a result of two stock splits, the number of shares subject to the option grant increased to 60,000, and the exercise price decreased to $1.1875 per share. (Lund Declaration ¶ 4, 5.)

PLAINTIFFS' RESPONSE TO FINDING 1.

Plaintiffs object to the statement that the date of stock grant was January 4, 1999. The grant date was January 13, 1999 and the date vesting commenced was January 13, 1999. (Lund Declaration Ex. B.)

DEFENDANT'S PROPOSED FINDING 14.

Although Lund sold 19,000 shares of Redback on April 10, 2001, for $303,984.87, she did not report the gain on that sale for regular income tax purposes on

schedule D, Capital Gains and Losses, attached to her 2001 return. (Lund Declaration Ex. K at 24.) The IRS determined that she had under reported her 2001 capital gains by the $281,422 gain on the sale of the 19,000 shares of Redback stock. (Lund Declaration Ex. K at 27.) The IRS also determined that dividend income should be increased by $996,00, because plaintiffs had failed to report dividends from Salomon Smith Barney and Proctor & Gamble. (Lund Declaration Ex. K at 26.)

PLAINTIFFS' RESPONSE TO FINDING 14.

Plaintiffs voluntarily reported an increase in capital gains by $281,422 and an increase in dividend income of 996 in an amended tax return filed in a voluntary request for examination on February 8, 2005. Isaacson Decl. Exhibit A-13, Bates #HL000636 – Letter to Tom Poppe dated February 8, 2005 regarding request for examination for taxpayers Hendy J. Lund and Daniel S. Pierce for the tax year 2001.

DEFENDANT'S PROPOSED FINDING 15.

The adjustments to capital gains and dividends by the IRS increased plaintiffs' adjusted gross income in 2001, which automatically decreased their itemized deductions by $5,322.00, and their exemptions by $4,408.00. (Lund Declaration Ex. K at 29-30.) As a result, the IRS determined that plaintiffs had a regular tax liability for 2001 in the amount of $30,174.00, not $0.00 as reported on the original return. (Lund Declaration Ex. K at 24.)

PLAINTIFF'S RESPONSE TO FINDING 15.

Plaintiffs determined that their tax on line 42 of Form 1040 for 2001 is $26,884 and that their AMT credit on Line 60 of Form 1040 is $26,884. *See* Isaacson Decl. Exhibit A-13, Bates #HL00643.

DEFENDANT'S PROPOSED FINDING 16.

Due to the increase in the plaintiffs' 2001 regular tax liability, the IRS determined that the correct tentative AMT liability was $7,386.00, rather than $35,160.00 reported on plaintiffs' 2001 original return. (Lund Declaration Ex. K at 36.) Since the tentative AMT liability was less than plaintiffs' $30,174.00 regular tax liability, the IRS determined that plaintiffs' had no AMT liability in 2001. (Lund Declaration Ex. K at 37.)

PLAINTIFFS' RESPONSE TO FINDING 16.

Plaintiffs assert that the correct tentative AMT liability for 2001 is zero. See Isaacson Decl. Exhibit A-13, Bates #HL000651.

DEFENDANT'S PROPOSED FINDING 17.

The IRS determined that plaintiffs' regular tax liability in 2001 was $30,174.00. (Lund Declaration Ex. K at 24.) The IRS determined that the amount of plaintiffs' tentative AMT tax for 2001 was $7,386.00. (Lund Declaration Ex. K at 34.) § 53(c). Therefore, the AMT credit available to offset plaintiffs' 2001 regular income tax was $22,788.00 (30,147.00 – 7,386.00). Applying the AMT credit left a regular tax liability of $7,386.00 for plaintiffs' 2001 tax. (Lund Declaration Ex. K at 24, 37-38.) This was the basis for the IRS allowance of $27,774.00, of the $35,160.00 refund claimed by plaintiff for 2001. (Lund Declaration Ex. K at 24.)

PLAINTIFFS' RESPONSE TO FINDING 17.

Plaintiffs assert that the correct AMT credit available to offset Plaintiff's 2001 regular income tax is $26,884. Isaacson Decl. Exhibit A-13, Bates #HL000643.

Dated this 29th day of January, 2007.

MERRIAM & ISAACSON, P.S.

s/Brian G. Isaacson
Brian G. Isaacson, Attorney for Petitioner
WSBA 25921
Tax Court Bar Number IB 0016
701 Fifth Avenue, Suite 5800
Seattle, WA 98104
Telephone: 206-829-2500
Facsimile: 206-829-2501

BADGLEY-MULLINS LAW GROUP

s/Don Paul Badgley
Don Paul Badgley, Attorney for Petitioner
WSBA #457
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
Telephone: 206-621-6566
Facsimile: 206-621-9686

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on January 29, 2007, Any other counsel of record will be served by first class United States mail.

/s/ Don Paul Badgley
Don Paul Badgley