IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1071 T

(Judge Braden)

DANIEL S. PIERCE AND HENDY LUND,

Plaintiffs

v.

UNITED STATES,

Defendant

DEFENDANT'S COMPUTATIONS

In response to the Court's request, defendant submits the following description of the computations of plaintiffs' 2001 AMT liability if the limitation in 26 U.S.C. § 1211 applies to the AMT calculation and the computations of that liability if § 1211 does not apply.

A. *The computation of AMT if the limitation in § 1211 applies*.

According to plaintiffs' Form 1099 from Salomon Smith Barney, plaintiff Lund sold 19,000 shares of Redback stock on April 10, 2001, realizing $303,984.87. Plaintiff paid $1.1875 per share to obtain the stock when she exercised her options in 2000. (Px. C at 151.) Therefore, her regular tax basis in the stock was $22,562.50 (19,000 x $1.1875). As a result of the April 10, 2001 sale, plaintiffs realized regular long term capital gain in the amount of $281,422.37 ($303,984.87 - $22,562.50).

For AMT purposes, as a result of the April 10, 2001, sale, plaintiffs realized an AMT long term capital loss in the amount of $2,543,051.00. (Px. K at 33.) This figure is arrived at by subtracting the amount received, $303,984.87, from plaintiffs' AMT basis in the 19,000 shares of stock, which was $2,847,036.00 (19,000 x $149.84). The share price on the date the options were sold was $149.84. On their 2000 return plaintiffs reported the difference between the exercise price, $1.1875 per share, and the trading price, $149.84, as a positive adjustment on line 9 of their Form 6251 for that year. (Dx. 1 at 13.) As a result, for AMT purposes plaintiffs' basis in the Redback stock she obtained through the option exercise in 2000 is $149.84 per share. (Px. C at 151, Px. K at 27, 33.)

Plaintiffs did not report the April 10, 2001 sale on the Schedule D attached to their 2001 return. (Dx. 2 at 8-9.) The IRS adjusted plaintiffs' 2001 return to include the $281,422.00 in long term capital gain plaintiffs realized in the April 10, 2001 sale. (Px. K at 24, 27.) The IRS also determined that plaintiffs had failed to report on their 2001 return $991.00 in dividends they received from Solomon Smith Barney and $5.00 in dividends from Proctor and Gamble. (Px. C at 199; Px. K at 26.) The IRS also determined that because of the resulting increase in plaintiffs' adjusted gross income from the prior two adjustments, the amount of deductions and exemptions plaintiffs could claim was reduced by $9,322.00 and $4.408.00 respectively. (Px. K at 24, 29-30.) Those changes increased plaintiffs' 2001 regular taxable income from -$135,694.00 to $160,454.00, resulting in an increase of tax from $0.00 to $30,174.00. (Px. K at 24.)

On their original Form 6251 (AMT) for 2001, plaintiffs reported an AMT liability in the amount of $35,160.00. (Dx. 2 at 2, 11.) The only adjustment reported on plaintiffs' Form 62512 for 2001 was a positive adjustment of $331,976.00 for state income taxes on line 3. (Dx. 2 at

11.) On line 16 of the Form 6251, plaintiffs reported the -$135,694.00 regular taxable income, resulting in AMT taxable income in the amount of $197,830, and AMT tax in the amount of $35,160.00. (Dx. 2 at 2, 11.)

The IRS adjusted plaintiffs' AMT for 2001 as follows. The positive entry on line 3 for state taxes was left unchanged. On line 9, the IRS included as a negative adjustment $395,170.00. (Px. K at 33.) That negative adjustment was computed as follows. A taxpayer is entitled to reduce his AMT income by the amount of regular capital gain reported on Schedule D. A taxpayer is also entitled to reduce his AMT income by the amount of deductible AMT capital losses. The amount of plaintiffs' regular 2001 capital gain, as adjusted by the IRS, was $392,170.00. (Px. K at 33.)

In computing the amount of a taxpayer's AMT capital loss, the taxpayer is required to reduce the amount of AMT capital loss incurred by the amount of regular capital gains from sales of stock not related to the incentive stock options. Plaintiffs' reported regular capital gain for 2001 from sales of stock other than stock of Redback in the amount of $110,748.00. (Dx. 2 at 8-9; Px. K at 33.) Therefore, plaintiffs' 2001 AMT long term capital loss was $2,432,303.00 ($2,543,051.00 -$110,748.00). (Px. K at 33.) However, pursuant to § 1211, plaintiff can only deduct $3,000.00 of that AMT capital loss in computing their 2001 AMT liability. Therefore, the negative adjustment on line 9 is - $395,170.00 (-$392,170 plus -$3,000.00) (Px. K at 33.)

In computing the AMT, plaintiffs are required to combine the adjustments on lines 1-14 and report the result on line 15 of Form 6251. On the original Form 6251, plaintiffs reported $331,976.00 on line 15. On the corrected Form 6251, the amount on line 15 was -$63,194.00 ($331,976.00 (line 3) - $395,170.00 (line 9)). (Px. K at 34.) On line 16 the taxpayer reports his

regular taxable income. On plaintiffs' original Form 6251 the amount was -$131,286.00. (Dx. 2 at 11.) On the corrected Form 6251, the regular taxable income was $160,454.00. (Px. K at 34.) On line 18 of Form 6251, the taxpayer is required to report as a negative number the amount by which his or her deductions were decreased as a result of statutory limitations. (Dx. 2 at 11.) On their original Form 6251, plaintiffs reported -$2,860.00. (Dx. 2 at 11.) The IRS corrected the Form 6251 increasing line 18 to -$11,332.00, to take into account the additional $9,322.00 in deductions disallowed as a result of the increase in plaintiffs' 2001 regular taxable income. (Px. K at 29, 34.) On line 21 of Form 6251, the taxpayer reports the sum of lines 15-18. On the original Form 6251, plaintiffs reported $197,830.00 of AMT taxable income on line 21. (Dx. 2 at 11.) This resulted in AMT tax in the amount of $35,160.00. On the corrected 2001 Form 6251, the AMT taxable income was $85,928.00, resulting in AMT tax in the amount of $7,386.00. (Px. K at 34.) Since the $7,386.00 AMT tax was less than the $30,174.00 corrected regular tax, plaintiffs owed no AMT for 2001. (Px. K at 34.)

Plaintiffs reported no regular income tax liability on their 2001 return so they did not claim any AMT credit in that year. (Dx. 2 at 2.) Since the IRS increased plaintiffs' 2001 regular tax to $30,174.00, plaintiffs are entitled to claim an AMT credit against that amount. (Px. K at 24.) In computing the AMT credit, the taxpayer is required to subtract the tentative AMT (amount on line 21 of Form 6251) from his regular income tax to arrive at the amount of AMT credit plaintiff is entitled to claim. The amount of AMT credit plaintiffs were allowed for 2001 was $22,788.00 ($30,174.00 regular tax - $7,386.00 tentative AMT tax). (Px. K at 37-38.) This resulted in a net tax liability for 2001 in the amount of $7,386.00. (Px. K at 24.) Since plaintiffs paid $35,160.00 in tax with their original 2001 return, they received a refund in the amount of

$27,774.00. (Px. K at 24.) If the limitation in § 1211 applies, plaintiffs are not entitled to any further refund for 2001.

B. *Computation of AMT if § 1211 does not apply*.

If the $3,000.00 limitation does not apply, plaintiffs would be entitled to a negative AMT adjustment on line 9 in the amount of $2,824,473.00 ($395,170 in regular capital gain plus $2,432,303 in AMT capital loss). This would result in 0 AMT tax on line 21. Since the plaintiffs' tentative AMT tax would be $0.00, their AMT credit would fully offset their regular tax. In that event, plaintiffs would be entitled to a refund in the amount of $7,386.00 for 2001.

Respectfully submitted,

s/Benjamin C, King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

May 16, 2006